In re William M. PIATT, IV, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–378.**

District of Columbia Court of Appeals.

Feb. 25, 1999.

---

Before FARRELL and RUIZ, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Respondent William M. Piatt, IV, is a member of the State Bar of Arizona and the bar of this court. On January 16, 1998, the Supreme Court of Arizona publicly censured respondent and placed him on one year of probation with the conditions that he participate in the Arizona bar's membership assistance program, complete an appropriate program of counseling, and submit to the supervision of a practice monitor.

This discipline arose from respondent's sexual harassment, including unwanted sexual advances and lewd comments, of two female clients. Respondent's misconduct created a conflict of interest between respondent and his clients, but the record is unclear whether the misconduct actually compromised the clients' legal interests.

After learning of respondent's discipline, Bar Counsel filed with this court a certified copy of the Arizona disciplinary order. This court then referred the matter to the Board on Professional Responsibility ("Board") to recommend whether reciprocal discipline should be imposed.

The Board has recommended reciprocal discipline of a public censure and one year of unsupervised probation, with the requirement that respondent file quarterly statements with the Board and Bar Counsel. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent did not participate in the proceedings before the Board, and has not filed any opposition to the Board's report and recommendation.

The Board noted that the discipline imposed by the Arizona court is substantially less severe than the sanctions imposed in other, similar reciprocal discipline cases. However, the Board has no guidance in precedent because the issue of appropriate discipline for such sexual misconduct has never arisen in an original proceeding in this jurisdiction.

■ The Board properly concluded that its inquiry into the appropriateness of the Arizona sanction should be limited because neither Bar Counsel nor respondent opposed imposition of identical discipline. *See In re Spann,* 711 A.2d 1262, 1265 (D.C.1998). The Board determined that the Arizona proceeding afforded respondent due process and evinced sufficient proof of misconduct, and that respondent's behavior also constitutes misconduct in this jurisdiction. Accordingly, the Board deferred to the Arizona court's choice of sanction.

■ There is a rebuttable presumption that the sanction imposed by this court in a reciprocal discipline case will be identical to that imposed by the original disciplining court. *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). The presumption that identical discipline will be imposed is rebutted only if the respondent demonstrates, or the face of the record reveals, by clear and convincing evidence, the existence of one of the conditions enumerated in D.C. Bar R. XI, § 11(c). *See* D.C. Bar R. XI, § 11(f).

■ The record does not give us any cause to find imposition of identical discipline inappropriate. Moreover, respondent's failure to file any exception to the Board's report and recommendation is treated as a concession that reciprocal discipline is warranted. *In re Goldsborough,* 654 A.2d 1285 (D.C.1995); D.C. Bar R. XI, § 11(f)(1). Thus, the presumption in favor of identical discipline has not been rebutted, and we must defer to the Board and to the opinion of the Arizona court that heard the testimony and reviewed the evidence. We make no judgment about what an appropriate sanction might be if this were an original, rather than a reciprocal, proceeding, or if one or both parties had contested the sanction recommended by the Board. Accordingly, it is

■ ORDERED that William M. Piatt, IV, be and hereby is publicly censured. Further, respondent shall be placed on unsupervised probation for the period of one year and shall, during the one-year probation period, file quarterly reports with the Board and

Bar Counsel detailing how he has complied with the conditions imposed by the Supreme Court of Arizona.

*So ordered.*